IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

MICHAEL JEROME MOTLEY, JR.,

    Plaintiff,

vs.

    CIVIL ACTION NO.: CV606-043

Officer JOEY SHUMAN; Warden
CARL HUMPHREY; Ms. AMBROSE,
Officer, and Ms. SARAH DRAPER,

    Defendants.

## MAGISTRATE'S JUDGES REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Smith State Prison in Glennville, Georgia, has filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that pro se pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. <u>Hughes v. Rowe</u>, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163, 169-70 (1980); <u>Mitchell</u>, 112 F.3d at 1490. While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts that while incarcerated at Ware State Prison, his eyeglasses were broken. Plaintiff alleges that he contacted his mother and requested that she send him a new pair. Plaintiff alleges that the mail room officers told him some glasses had come in, that they were given to the intake officer, and that he would get them to the Plaintiff. Plaintiff then notified Counselor Grieco and Deputy Warden Kennell that the intake officer had his glasses, and they told Plaintiff that they would get Defendant Shuman to deliver the glasses to Plaintiff.

Plaintiff was transferred from Ware State Prison to Telfair State Prison. At Telfair State Prison, the officer doing inventory recorded the broken frame that Plaintiff arrived with, but told Plaintiff that the new eyeglasses must be with the inventory officer and that they would be forwarded to him.

2

Plaintiff then was transferred to Smith State Prison. There was no word on his eyeglasses at this time, so Plaintiff filed a grievance against Defendant Shuman. In response to this grievance, Defendant Shuman promised to send the eyeglasses along with a fan that had been received for the Plaintiff at Ware State Prison. Defendant Shuman stated that he had boxed up the glasses and the fan and sent them to Smith State Prison. Plaintiff then inquired as to the whereabouts of the glasses and fan from Defendant Ambrose, who stated that no glasses had been received at Smith State Prison.

Plaintiff attempts to set forth a deprivation of property claim against Defendants Shuman and Ambrose. Intentional deprivation of property gives rise to a Due Process Clause violation when the State fails to provide an adequate post deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 533, 104 S. Ct. 3194, 3204, 82 L. Ed. 2d 393 (1984). Pursuant to O.C.G.A. § 51-10-1, Georgia has created a civil cause of action for the wrongful deprivation of personal property. See Byrd v. Stewart, 811 F.2d 554, 555 n.1 (11th Cir. 1987). Accordingly, Plaintiff is not entitled to relief against Defendants Shuman or Ambrose.

Plaintiff has also named as Defendants Humphrey, the Warden at Ware State Prison, and Draper, the Manager of the Office of Inmate Affairs and Appeals. Plaintiff contends that the two have not performed a thorough investigation in order to cover up the wrongful conduct of the aforementioned Officers.

An inmate states a cognizable claim for the deprivation of his procedural due process rights under the Fourteenth Amendment when he alleges the deprivation of a constitutionally protected liberty or property interest, state action, and constitutionally inadequate process. Cryder v. Oxendine, 24 F.3d 175, 177 (11th Cir. 1994). Plaintiff

3

contests the procedural due process afforded him by Defendants Humphrey and Draper. However, the State may cure procedural due process by providing an adequate post deprivation remedy. "Only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise." McKinney v Pate, 20 F.3d 1550, 1557 (11th Cir. 1994). Plaintiff's due process claims do not indicate the deprivation of a constitutionally protected liberty or property interest. Thus, Plaintiff's due process claims against Defendants Humphrey and Draper are without merit.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 31st day of July, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE